867 A.2d 1187 (2005)
375 N.J. Super. 273
COMPREHENSIVE PSYCHOLOGY SYSTEM, P.C. trading as LifeSpan, Plaintiff-Appellant,
v.
Brett PRINCE, Ph.D, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 8, 2004.
Decided February 7, 2005.
*1188 Richmond & Burns, for appellant (Michael R. Speck, Iselin, of counsel and on the brief).
No brief was filed on behalf of respondent.
Before Judges NEWMAN, AXELRAD and BILDER.
The opinion of the court was delivered by
BILDER, J.A.D. (retired and temporarily assigned on recall).
The issue on this appeal is the enforceability of a restrictive covenant in an employment contract for professional services by a licensed psychologist. Plaintiff Comprehensive Psychology Systems, P.C., a corporation which provides professional neuropsychological service to individuals under the trade name LifeSpan, appeals from an order of the Chancery Division which denied its application to enforce a restrictive covenant limiting the ability of a former employee, defendant Brett Prince, Ph.D, from practicing his profession within ten miles of plaintiff's facility and from soliciting any of plaintiff's patients.[1]
The clause at issue reads as follows:
(a) Restrictions. During the term of and for two years following the termination of this Agreement, Dr. Prince shall not solicit any patient of LifeSpan nor solicit referrals from any referral source of LifeSpan, nor without approval remove any property including patient charts from the offices of LifeSpan, nor employ any employee of LifeSpan who has been employed by LifeSpan during the term of this Agreement.
(b) During the term of this agreement, in the event of termination, then for a *1189 period of two (2) years from date of termination, Dr. Prince shall not practice within a ten (10) mile radius of any facility or office location of LifeSpan existing at the time of termination and at any hospital utilized by LifeSpan. The parties acknowledge that this geographic area constitutes the geographical area in which LifeSpan's patients and sources of referral reside or maintain their offices.
The trial judge refused to restrain Dr. Prince from contacting any patients or contacting referral sources because he deemed the enforceability of these restrictions barred by N.J.A.C. 13:42-10.16, a provision of the rules adopted by the Board of Psychological Examiners. The provision reads as follows:
A licensee shall not participate in offering or making a partnership or employment agreement that restricts the right of a licensed health care professional to practice the licensed profession after termination of the relationship, except an agreement concerning benefits upon retirement.
On appeal plaintiff contends the trial judge misconstrued the regulation  that properly interpreted the language permits the type of non-competitive arrangement defendant entered into with plaintiff. Alternatively, plaintiff contends that the regulation was amended effective April 5, 2004, and in its present form clearly permits such non-competitive agreements. In its present form it reads:
A licensee shall not enter into any business agreement that interferes with or restricts the ability of a client to see or continue to see his or her therapist of choice.

I.
Karlin v. Weinberg, 77 N.J. 408, 390 A.2d 1161 (1978), rejecting a per se rule of unenforceability, held that restrictive covenants ancillary to employment contracts between physicians are enforceable to the extent that they protect a legitimate interest of the employer, impose no undue hardship on the employee, and are not injurious to the public. Id. at 411-412, 390 A.2d at 1163. Although defendant is not technically a physician, plaintiff contends the principles of Karlin apply equally to psychologists and make this agreement enforceable. We disagree  for two reasons.

a.
Karlin dealt with general rules as to restrictive covenants in the absence of special regulations governing the profession involved. More akin to the facts before us is Dwyer v. Jung, 133 N.J.Super. 343, 336 A.2d 498 (Ch.Div.1975), aff'd o.b., 137 N.J.Super. 135, 348 A.2d 208 (App.Div.1975), a case in which Judge Kimmelman noted the personal, highly fiduciary nature of the attorney-client relationship and held that restrictive covenants between attorneys are per se unreasonable and unenforceable as injurious to the public interest. Id. at 346-347, 336 A.2d at 500.
The Karlin court distinguished Dwyer by noting, as had Judge Kimmelman, that restrictive covenants are barred by the Disciplinary Rules governing the profession, DR2-108(a).
[T]his court, in exercising its supervisory role over attorneys has determined that restrictive covenants among lawyers are detrimental to the public interest. The regulations governing physicians within this State, however, do not contain any restriction similar to DR2-108(a). Neither our statutes nor the regulations of the State Board of Medical Examiners, which in regulating physicians, serves a role similar to that of this Court in regulating attorneys, in any way restricts physicians from entering into restrictive covenants. [Karlin, supra, 77 N.J. at 420-421, 390 A.2d at 1168]
*1190 In our case, as in Dwyer, the relevant Board, here the State Board of Psychological Examiners, has adopted a regulation restricting psychologists from entering into restrictive covenants.
We are satisfied that the regulation in effect at the time of the decision in the Chancery Division, N.J.A.C. 13:42-10.16, was intended to restrict psychologists from entering into restrictive covenants much as DR2-108(a) restricted attorneys. Indeed, in adopting the regulation, the Board of Psychological Examiners described it as a ban on restrictive covenants which is modeled generally on the Rules of the New Jersey Supreme Court, citing RPC 5.6, the contemporary analog of DR2-108(a). 26 N.J.R. 4739.
Nor do we find the analysis altered by the Board's adoption of new language in 2004, subsequent to the trial. We are satisfied that the new regulation merely articulates the same restriction in language that shifts the focus of concern from the rights of the psychologist to the rights of the patient. Moreover, retroactive application of an administrative rule is not favored, Citizens v. Dept. of Env. Protection, 252 N.J.Super. 62, 76, 599 A.2d 516, 524 (1990), aff'd, 126 N.J. 391, 599 A.2d 507 (1991), and there is no evidence of any intent on the part of the Board to apply the 2004 version retroactively. Twiss v. State, Dept. of Treasury, 124 N.J. 461, 466-467, 591 A.2d 913, 915-16 (1991).

b.
We also are persuaded that, apart from the existence of the regulations, the nature of the practice of psychology and the uniquely personal patient-psychologist relationship forbid any restrictions which might interfere with an ongoing course of treatment. We do not believe it is sufficient to say that the psychologist can continue to treat patients who seek out the doctor. We perceive that a psychologist who changes his office location, voluntarily or involuntarily, has a duty to inform patients of the change and the new location and phone number. See Paula Berg, Judicial Enforcement of Covenants Not to Compete Between Physicians: Protecting Doctors' Interests at Patient's Expense, 45 Rutgers L. Rev., 1, 9-10 (1992). To do otherwise may be akin to abandonment. Grant v. Douglas Women's Clinic, P.C., 260 Ga.App. 676, 580 S.E.2d 532, 533 (2003)(before unilaterally withdrawing from treating a patient, a doctor must provide reasonable notice of withdrawal to enable the patient to obtain substitute care); 45 Rutgers L. Rev. at 13; C.T. Drechsler, Annotation, Liability of Physician Who Abandons Case, 57 A.L.R.2d 432, 439 (1958).
We are satisfied the limitations plaintiff seeks to enforce against defendant interfere with a critical patient-psychologist relationship and with the right of the patient to continued treatment from that psychologist. We agree with the trial judge; they cannot be enforced.
Affirmed.
NOTES
[1] Plaintiff's Notice of Appeal encompasses other issues however since this is the only issue briefed, all other issues are deemed abandoned. Pressler, Current N.J. Court Rules, Comment to Rule 2:6-2 at 590 (2004).