**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1779-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN A. DENOFA,

    Defendant-Appellant.

_____

Submitted April 9, 2019 – Decided April 22, 2019

Before Judges Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 01-05-0600.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In November 2002, a jury convicted defendant of murder. On February 21, 2003, he was sentenced to life imprisonment with a thirty-year period of parole ineligibility. Following his conviction, defendant has filed multiple appeals and petitions for post-conviction relief (PCR). He now appeals from a September 26, 2017 order denying his second petition for PCR. Because the PCR court did not fully address the argument that the first PCR counsel was ineffective, which defendant had raised in his pro se second petition, we reverse and remand for consideration of those unaddressed claims.

On direct appeal in 2005, we reversed defendant's conviction, finding that the trial court had failed to properly instruct the jury on the issue of territorial jurisdiction. State v. Denofa, 375 N.J. Super. 373, 396 (App. Div. 2005). The Supreme Court, however, reversed and reinstated the conviction. State v. Denofa, 187 N.J. 24, 29 (2006).

On May 30, 2007, defendant filed his first PCR petition, alleging ineffective assistance of trial and appellate counsel. In an order and thirty-five-page written decision entered on November 13, 2008, the first PCR court denied the petition. Defendant filed an appeal from that order.

In 2011, while defendant's appeal of the denial of his first PCR petition was pending, defendant filed a second PCR petition alleging, among other

things, ineffective assistance of his first PCR counsel. In support of the second petition, defendant submitted a sworn certification dated January 26, 2011, wherein he alleged that PCR counsel: failed to secure affidavits or certifications from experts whose opinions were "crucial" to the defense; failed to argue that trial counsel had withheld "valuable information" from defendant concerning these same experts; filed a deficient notice of appeal; "ignored [defendant] for approximately a year and a half"; and failed to raise other trial errors by counsel. The Law Division dismissed defendant's second PCR petition without prejudice because the appeal of the first petition was pending before us.

On September 19, 2012, we affirmed the denial of defendant's first PCR petition. State v. Denofa, No. A-2006-08 (App. Div. Sept. 19, 2012). The Supreme Court denied defendant's petition for certification "without prejudice to defendant raising in a new petition for post-conviction relief the issue of ineffective assistance of post-conviction relief counsel for failure to raise in this post-conviction relief petition appropriate claims requested by defendant." State v. Denofa, 215 N.J. 482, 482 (2013).

In October 2013, shortly after the Court denied certification on the initial petition, defendant filed a motion in the Law Division to reinstate his previously dismissed second PCR petition, in which he had argued that his initial PCR

counsel was constitutionally ineffective.

The Law Division denied defendant's request for relief. We, however, reversed, holding that the second PCR judge had inappropriately treated defendant's motion to reactivate his second PCR as a substantive petition, that claims of ineffective assistance of PCR counsel are "authorized" under our court rules, and that defendant should be afforded the opportunity to "fully present" those claims for adjudication. State v. Denofa, No. A-3081-13 (App. Div. Mar. 7, 2016) (slip op. at 2).

On June 14, 2016, on remand, defendant filed a pro se brief in support of his second petition for PCR wherein he alleged that trial counsel lied in a certification and that "PCR counsel neglected to cite the record to prove trial counsel's certification [was] directly disproven." In his brief, defendant did not reference his 2011 pro se petition or supporting certification, wherein he had alleged additional claims of ineffective assistance of PCR counsel. Thereafter, on February 17, 2017, defendant, through assigned counsel, filed an amended brief in support of the second petition for PCR, which, again, neither raised nor referenced the 2011 pro se petition and certification alleging ineffective assistance of PCR counsel. Instead, the brief principally charged that trial counsel, not PCR counsel, had committed several ethical violations.

A-1779-17T4

The PCR court initially ordered an evidentiary hearing, but the State moved for reconsideration. At oral argument, defendant's counsel incorporated by reference "all of the argument that my client has made in all of his filings and the other filings that have been submitted to the [c]ourt on his behalf" and "ask[ed] the [c]ourt to make a determination on everything that's raised." Counsel, however, did not specifically reference defendant's 2011 pro se petition or the certification filed in conjunction with it. Instead, counsel directed his presentation to the allegations raised in his brief in support of the second petition—that all pertained to trial counsel. Counsel made only one ambiguous reference to defendant's first PCR counsel:

> [O]ne of the important things to take a look at and where it goes beyond anything that may have been available to my client in the first P.C.R. was failed to have been raised [sic] by his original P.C.R. attorney, which is also an issue, which, again, permits my client to raise it within this forum[.]

Following oral argument, the PCR court denied the second petition without an evidentiary hearing, finding on the record that defendant's claims regarding trial counsel's alleged conflicts of interest and other errors were procedurally barred. The PCR court reasoned that

> the issues raised here about trial counsel's conduct, conflict of interest during the course of the trial, choices, strategy or not, and trial proceedings all could

5

have been raised in the past, because it's all based on information that either was, in fact, available or could have become available through reasonable diligence.

On this appeal, defendant makes one argument, which he articulates as follows:

THE PCR COURT ERRED BY PROCEDURALLY BARRING DEFENDANT'S [SECOND] PETITION; THERFORE, THIS MATTER MUST BE REMANDED FOR THE PCR COURT TO ADDRESS THE SUBSTANTIVE MERITS OF DEFENDANT'S CLAIMS.

Initially, we clarify the scope of this appeal. Defendant has not challenged the PCR court's procedural dismissal of his claims of ineffective assistance of trial counsel. Instead, defendant argues that the PCR court erred by ignoring the "exhaustive litany of his first PCR counsel's ineffective assistance" that he had previously set forth in his 2011 pro se certification and petition. Thus, defendant seeks a remand for a ruling on the unaddressed issues.

"[S]ince this is the only issue briefed, all other issues"—including the ineffective assistance of trial counsel claims that had been dismissed as procedurally barred—"are deemed abandoned" on appeal. Comprehensive Psychology Sys., P.C. v. Prince, 375 N.J. Super. 273, 274 n.1 (App. Div. 2005). Accord State v. Bulu, 234 N.J. Super. 331, 337 n.1 (App. Div. 1989). Consequently, we will not consider defendant's allegations of ineffective

6

assistance of trial counsel. Those issue have not been appealed, and, as the PCR court ruled, are procedurally barred.

We therefore focus on defendant's claim that his first PCR counsel was ineffective. In New Jersey, the right to the effective assistance of counsel extends to PCR counsel. See State v. Rue, 175 N.J. 1, 18-19 (2002). PCR counsel must "advance all of the legitimate arguments requested by the defendant that the record will support," R. 3:22-6(d), and "make the best available arguments in support of them." Rue, 175 N.J. at 19. Even if counsel deems the claims to be meritless, counsel must still "list such claims in the petition or amended petition or incorporate them by reference." R. 3:22-6(d). Accord State v. Webster, 187 N.J. 254, 257-58 (2006).

Here, the PCR court, in its decision issued in September 2017, did not address all of defendant's claims that his first PCR counsel was ineffective in assisting him. Rather, the court stated only:

> The last potential ground for P.C.R. relief on a second petition is that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first P.C.R. The allegations about trial counsel's conduct and allegedly false affidavits submitted in connection with the first P.C.R. is not an allegation that P.C.R. counsel was ineffective. . . . [A]llegations that trial counsel lied in the first P.C.R. is not a basis for alleging that P.C.R. counsel was ineffective.

We can appreciate the court's oversight as to the additional claims that PCR counsel was ineffective probably resulted from defendant's second PCR counsel making only fleeting and vague references to the claims of ineffective PCR counsel. Nevertheless, defendant has the right to have those issued addressed. See R. 3:22-6(d); Webster, 187 N.J. at 258.

Indeed, both we and the Supreme Court have previously stated that defendant has a right to have those issues addressed. In remanding this second PCR petition in our decision issued on March 7, 2016, we stated that defendant's allegations of ineffective assistance of his first PCR counsel should be "assess[ed]" on remand. Denofa, slip op. at 2. Similarly, in denying certification, the Supreme Court stated that its denial was "without prejudice to defendant raising in a new petition . . . [the] failure to raise in this post-conviction relief petition appropriate claims requested by defendant." Denofa, 215 N.J. at 482.

As in Webster, defendant's second PCR counsel failed to raise all the issues of ineffective assistance of defendant's first PCR counsel in his brief. See 187 N.J. at 258. Instead, counsel only incorporated defendant's 2011 pro se arguments on the record during oral argument when he asked that the court incorporate "all of the argument[s] that [defendant] has made in all of his

A-1779-17T4

filings." Also, as in <u>Webster</u>, the court's silence on the ineffective assistance of PCR counsel issues raised in defendant's pro se filings implies that the court did not consider those allegations. <u>Ibid.</u> ("Because the judge did not comment in any way on defendant's remaining claims, it is not clear to us that he, in fact, considered them."). Indeed, the basis of the court's procedural denial was that "the issues raised here about trial counsel's conduct . . . and trial proceedings all could have been raised in the past[.]"

In summary, on this appeal, defendant did not challenge the PCR court's ruling that his claims regarding his trial counsel providing ineffective assistance are procedurally barred. Thus, that portion of the September 26, 2017 order remains unchanged. Likewise, defendant did not challenge the PCR court's ruling on his claim regarding ineffective assistance of PCR counsel based on allegedly false affidavits provided by trial counsel. Thus, that ruling also remains unchanged. Nonetheless, because the PCR court did not address the merits of all of defendant's claims that his first PCR counsel was ineffective, which defendant had raised in his 2011 pro se petition and certification, that portion of the September 26, 2017 order is reversed and remanded for consideration of only those unaddressed claims. No new claims shall be presented or considered on remand. Finally, we note that we have not

considered the merits of defendant's unaddressed claims; instead, we leave that evaluation for the PCR court on remand.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION