**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3922-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES A. YURCHAK,

    Defendant-Appellant.

_____

Submitted May 6, 2019 – Decided May 22, 2019

Before Judges Messano and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 09-02-0055.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).

Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

On February 19, 2008, police arrived at the residence of defendant, James A. Yurchak, in response to a call from defendant's stepson, Sheriff's Officer William Heater, Jr. Defendant and his wife were in their bed; defendant's wife had suffered a fatal gunshot wound to the head, and defendant was shot in the head, but still alive. Heater gave the police defendant's handgun, which he had found on the bedroom floor. Forensic analysis revealed defendant's partial fingerprint on the bottom of the magazine in the gun.

A Sussex County grand jury indicted defendant for his wife's murder approximately one year later. Defense counsel filed an omnibus motion that, among other things, sought to dismiss the indictment, based on alleged prosecutorial misconduct and failure to introduce exculpatory evidence to the grand jury, and to suppress certain statements investigators obtained from one of defendant's treating physicians. The motions were never heard before defendant pled guilty pursuant to a plea agreement to the lesser-included charge of second-degree reckless manslaughter, N.J.S.A. 2C:11-4(b)(1). The State agreed to recommend a ten-year term of imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

The judge sentenced defendant to a nine-year term of imprisonment. We considered his appeal on our Excessive Sentence Oral Argument calendar and

remanded the matter for resentencing.  Judge Stuart Minkowitz imposed the sentence on remand.[1]

Defendant filed a timely pro se petition for post-conviction relief (PCR), alleging ineffective assistance of counsel (IAC), including numerous specific instances of deficient conduct, three of which are raised now on appeal.  In particular, defendant alleged counsel failed to conduct a proper investigation, including investigating possible intimidation of his stepson, described as both a critical witness for the State and defendant, which limited the defendant's ability to challenge the partial print on the bottom of the weapon.  Defendant posited someone "wiped" the gun clean.

Defendant also asserted counsel provided ineffective assistance because there were conflicting medical opinions regarding the course the bullet took in passing through defendant's head.  The State's theory was that defendant attempted suicide after killing his wife.  However, there was evidence, including the opinions of the doctors who treated defendant at the hospital, that the path of the bullet was not front to back, but rather back to front, making it unlikely

---

[1]  The reason for our remand, and the correction of the original sentence, are immaterial to the issues on appeal.  Judge Minkowitz entered an amended judgment of conviction on December 1, 2016.

defendant shot himself. The prosecutor acknowledged this proof problem at the time of sentencing.

Defendant asserted that at the time of the incident, he took numerous medications to relieve his chronic pain. He certified that he "blacked out under the effects of these medications and was not aware of what . . . [took] place . . . ." In essence, defendant's claim was that someone else committed the shootings.

Lastly, defendant asserted appellate counsel provided ineffective assistance by failing to argue on appeal that the indictment should have been dismissed because of prosecutorial misconduct.

Judge Minkowitz, who was not the plea judge, considered all of defendant's IAC claims at the PCR hearing. In his written opinion denying defendant's petition, Judge Minkowitz scrupulously reviewed defendant's sworn testimony at the time of the plea allocution. Then, defendant admitted under oath that on the day of the shootings, he was in great pain, his wife was severely depressed, in part because of her mother's death the day before, and defendant acknowledged he decided "to alleviate all of the suffering . . . it would be best to commit suicide." Defendant testified that he shot his wife and turned the gun on himself.

A-3922-17T1

Judge Minkowitz detailed defendant's answers to questions during the plea allocution, which demonstrated defendant was satisfied with defense counsel's representation, had reviewed discovery with counsel, as well as potential defenses, and had the benefit of counsel's advice regarding the strengths and weaknesses of the case. Judge Minkowitz detailed defendant's full understanding of the plea agreement and defendant's waiver of the opportunity to pursue the omnibus motion filed by his attorney. The judge found defendant "entered the guilty plea freely and voluntarily . . . ."

After explaining relevant case law, including the governing Strickland/Fritz[2] standard and the requirements of Rule 3:22-10(e) regarding defendant's entitlement to an evidentiary hearing, Judge Minkowitz rejected defendant's claim that defense counsel failed to conduct an adequate investigation. He noted that defendant "offer[ed] no evidence . . . through affidavit or certification, to support" the assertion that his stepson was intimidated into suppressing evidence, including fingerprint evidence on the weapon. Therefore, citing State v. Cummings, "the allegation [was] insufficient to make a prima facie [IAC] showing . . . ." See 321 N.J. Super. 154, 171 (App.

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

Div. 1999) ("bare assertion[s] . . . [are] insufficient to support a prima facie case of ineffectiveness").

In the context of rejecting defendant's claim of inadequate investigation, Judge Minkowitz quoted at length defense counsel's statement at the time of the plea allocution.  Counsel told the court about the conflicting medical opinions regarding the path of the bullet that pierced defendant's head, and that "[b]oth sides had experts that would have been presented . . . at trial" on that issue. (Emphasis added).

Lastly, the judge rejected defendant's IAC claim as to appellate counsel, accepting the State's contention that "appellate counsel could not object to the indictment . . . because . . . [d]efendant pled guilty and waived his right to appeal the denial of any pretrial motions."  See, e.g., State v. Marolda, 394 N.J. Super. 430, 435-36 (App. Div. 2007) (refusing to consider on appeal the defendant's argument that the judge incorrectly decided his motion to dismiss the indictment "[b]ecause [the] defendant did not preserve the issue[] . . . by entry of a conditional guilty plea, [and] has waived his right to relief . . . .").  Judge Minkowitz entered an order denying the petition and this appeal followed.

Before us, defendant reasserts the IAC claims against trial and appellate counsel we detail above.  In a pro se supplemental brief, defendant certifies that

before the grand jury, the prosecutor solicited privileged statements from a medical provider, defendant was under the influence of his medications at the time of his guilty plea and "was not capable of making a clear and knowing decision." He also asserts that trial counsel should have conducted a "competency" evaluation, and that the prosecution withheld information. We discern defendant claims PCR counsel provided ineffective assistance.

Having considered these arguments, we affirm substantially for the reasons expressed by Judge Minkowitz. As to the allegations contained in defendant's pro se submission, they either were not raised before Judge Minkowitz or otherwise lack sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(2). Finally, solely on the record before us, we cannot conclude that PCR counsel provided ineffective assistance under the standards set forth by the Court in State v. Rue, 175 N.J. 1 (2002), and State v. Webster, 187 N.J. 254 (2006).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3922-17T1