# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2485-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRUCE CARSON,
a/k/a BRUCE CARSO

     Defendant-Appellant.

_____

     Submitted September 29, 2020 – Decided October 30, 2020

     Before Judges Messano and Hoffman.

     On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 05-01-0124.

     Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

     Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bruce Carson appeals from the November 29, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing, contending trial and PCR counsel were ineffective. We affirm because defendant's petition is time-barred under Rule 3:22-12(a)(1) and otherwise lacks merit.

I

On January 26, 2005, a Middlesex County grand jury returned an indictment charging defendant with two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); two counts of first-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(3); and four counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), (b)(4). The charges arose out of defendant's sexual assault of a friend's two minor daughters.

On April 29, 2005, pursuant to a plea agreement, defendant pled guilty to the two counts of first-degree aggravated sexual assault. At the plea hearing, defendant acknowledged that he understood the parameters of the plea agreement and expressed satisfaction with trial counsel. On September 30, 2005, the trial judge sentenced defendant to concurrent fifteen-year terms, as

well as parole supervision for life, Megan's Law compliance, fines, and restitution.

On October 4, 2011, defendant filed a pro se motion to amend his sentence, arguing he was unable to pay the fines and restitution while incarcerated. The trial court granted defendant's motion and amended his judgment of conviction, suspending all fines and restitution, on January 11, 2013.

Defendant filed a pro se petition for PCR on August 4, 2017, eleven years and eleven months after his original sentencing and five days before his release from prison. Defendant's petition claimed ineffective assistance of counsel, specifically alleging his trial counsel failed to inform him of pending charges, give him a copy of discovery, give him legal advice, give him a legal defense, answer calls and emails, and sit and speak with him at sentencing. Appointed PCR counsel filed a supporting brief on March 1, 2018.

On November 29, 2018, the PCR judge heard oral argument on defendant's PCR petition at a non-evidentiary hearing. The judge concluded defendant failed to establish the requisite prima facie case for ineffective assistance, finding defendant "offer[ed] no concrete evidence of [trial counsel's] failure." Moreover, the judge found defendant's petition time-barred, pursuant to Rule

3

3:22-12(a), absent a showing of excusable neglect. Defendant provided no explanation for his delay in seeking PCR.

This appeal followed, with defendant raising the following arguments:

POINT ONE

THIS CASE MUST BE REMANDED FOR ASSIGNMENT OF NEW PCR COUNSEL BECAUSE PCR COUNSEL FAILED TO REPRESENT MR. CARSON SO AS TO RENDER HIS PCR PETITION MEANINGLESS.

POINT TWO

IN THE ALTERNATIVE, MR. CARSON IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO COMMUNICATE, CONSULT, OR INVESTIGATE, ALL OF WHICH LED TO HIS INADEQUATE REPRESENTATION.

POINT THREE

THE PCR COURT ERRONEOUSLY RULED THAT MR. CARSON'S PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME-BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

4

## II

Defendant contends his ineffective assistance of trial counsel claim was improperly time-barred because his delay was due to excusable neglect and enforcement of the time-bar would result in a fundamental injustice. We disagree.

Our court rules preclude PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time-bar would result in a fundamental injustice . . . ." R. 3:22-12(a)(1)(A). The time-bar should be relaxed only "under exceptional circumstances" because "[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases." State v. Goodwin, 173 N.J. 583, 594 (2002) (alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Therefore, "[a]bsent compelling, extenuating circumstances, the burden of justifying a petition filed after the five-year period will increase with the extent of the delay." State v. Mitchell, 126 N.J. 565, 580 (1992).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR

petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citing Mitchell, 126 N.J. at 580).

Here, defendant filed his PCR petition nearly seven years beyond the five-year time-bar period. This is extensive delay and thus raises defendant's burden. Mitchell, 126 N.J. at 580. However, defendant provides no facts or evidence to support his claim. Defendant argues, "[t]he circumstances of this case satisfy the exception," but does not explain what the circumstances are or how they demonstrate excusable neglect. Nor do exceptional circumstances appear in the record. Instead, the record shows defendant's ability to pursue claims within the legal system as early as October 2011, when he filed a successful pro se petition to amend his sentence. Furthermore, defendant provides no facts or evidence to establish that enforcement of the time-bar would result in a fundamental injustice.

Even if defendant's ineffective assistance of trial counsel claim were not time-barred, it is based on bald assertions without evidential support in the

record, and otherwise lacks sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Finally, solely on the record before us, we cannot conclude that PCR counsel provided ineffective assistance under the standards set forth by the Court in State v. Rue, 175 N.J. 1 (2002), and State v. Webster, 187 N.J. 254 (2006).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2485-18T4