# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5691-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRIAN E. KILLION,

     Defendant-Appellant.

_____

> Submitted January 19, 2021 – Decided February 17, 2021
>
> Before Judges Fasciale and Rothstadt.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-03-0720.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (William P. Cooper-Daub, Deputy Attorney General, of counsel and on the brief; Sara M. Quigley, Deputy Attorney General, of counsel and on the brief).
>
> Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Brian E. Killion appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

A jury convicted defendant of thirty-four counts of a thirty-nine-count indictment that charged him with various degrees of sexual assault, endangering the welfare of numerous children, and related offenses. On March 27, 2014, the trial judge sentenced defendant to an aggregate eighty-five-year prison term, subject to an eighty-five percent parole disqualifier under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed, and in an unpublished opinion we affirmed in part and reversed in part, dismissing two counts, reversing "the sentencing under NERA on three counts, and remand[ing] for resentencing and a further hearing" regarding two other counts. State v. Killion, No. A-5025-13 (App. Div. April 26, 2017) (slip op. at 2). Defendant filed a petition for certification, which the New Jersey Supreme Court denied on October 10, 2017. State v. Killion, 231 N.J. 220 (2017).

After our remand and defendant's resentencing on October 26, 2017, to an eighty-year aggregate term with forty-five years subject to NERA, defendant

A-5691-18

appealed again but this time limited it to his sentence. An Excessive Sentence Panel of this court affirmed. State v. Killion, No. A-2747-17 (App. Div. June 4, 2018).

The facts underlying defendant's convictions are set forth in our opinion on direct appeal and need not be repeated here. See Killion, slip op. at 2-11. For our purposes, we only note that on direct appeal, appellate counsel raised eight issues in his merits brief, four additional arguments in the reply brief, and his submissions were supplemented by defendant's pro se brief that addressed five additional issues. Among the issues raised by appellate counsel were an argument that the trial judge did not adequately cure comments by the prosecutor that "portrayed the defendant and his trial attorney as liars" and a challenge to the sufficiency of the evidence that supported defendant's conviction under the indictment's fourth count. Among the issues raised by defendant in his appellate pro se supplemental brief was a challenge to the jury charge that defendant claimed was "erroneous," "not legally accurate," or "factually . . . supported by the evidence."

Defendant filed a PCR petition on August 1, 2018, in which he argued he received ineffective assistance of counsel (IAC) at trial and on appeal. He also

raised arguments about his search and seizure rights being denied and the trial judge's failure to "recuse himself."

As to appellate counsel, he contended that his attorney failed to raise issues about comments made by the prosecutor during closings about defendant not testifying and about "Brady and discovery violations." He also argued that appellate counsel "did not adequately communicate with" defendant, failed to spend any time with him or accept his telephone calls, or "address any of [d]efendant's concerns" or even "learn [d]efendant's name." In addition, he stated that appellate counsel failed to pursue defendant's request to adjourn a June 4, 2018 "hearing" so that he could discuss "strategy" with counsel. As to trial counsel, while defendant raised numerous issues, they were unrelated to his claims against appellate counsel or those he raises before us on appeal from the denial of PCR.

In an amended petition and brief filed on defendant's behalf, defendant added that his appellate counsel "failed to argue that the trial judge erred by denying [defendant's] motion for a mistrial following the prosecutor's closing argument" based upon "the prosecutor wholly undermin[ing] the presumption of innocence and the right to post-arrest silence." For that reason and those stated

by defendant in his earlier submission, PCR counsel argued that defendant was entitled to a new trial.

Judge Benjamin Podolnick entered an order filed on June 18, 2019, denying defendant's petition without an evidentiary hearing. The judge explained his reasons in a comprehensive eighteen-page letter opinion that accompanied his order. This appeal followed

On appeal, defendant raises the following arguments:

POINT I

DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN COUNSEL FAILED TO APPEAL PROSECUTORIAL MISCONDUCT ON THE COMMENTS REGARDING DEFENDANT'S PRESUMPTION OF INNOCENCE AND DEFENDANT'S CONSITUTIONAL RIGHT TO REMAIN SILENT.

A. APPLICABLE LAW.

B. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO APPEAL DEFENDANT'S MOTION FOR A MISTRIAL BASED UPON COMMENTS MADE BY THE PROSECUTOR REGARDING HIS PRESUMPTION OF INNOCENCE.

C. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO APPEAL DEFENDANT'S MOTION FOR A MISTRIAL BASED UPON COMMENTS MADE BY THE

5

PROSECUTOR REGARDING HIS CONSTITUTIONAL RIGHT TO REMAIN SILENT.

In a supplemental brief defendant filed directly, he adds the following points:

POINT I

INEFFECTIVE ASSISTANCE OF COUNSEL DENIED DEFENDANT HIS CONSITUTIONAL RIGHTS TO A FAIR TRIAL AND EFFECTIVE COUNSEL.

INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO FAILURE TO ARGUE A CONFUSING, INCONSISTENT AND CONTRADICTORY JURY CHARGE THAT VIOLATED DEFENDANT'S RIGHTS REQUIRING A NEW TRIAL. (NOT RAISED BELOW).

APPELLATE ATTORNEY WAS INEFFECTIVE DUE TO FAILURE TO RECOGNIZE AND ARGUE THE STATE'S FAILURE TO MEET ITS BURDEN OF PROOF OF GUILT BEYOND REASONABLE DOUBT. (NOT RAISED BELOW).

POINT II

NEWLY DISCOVERED EVIDENCE REQUIRES A NEW TRIAL.

POINT III

PCR COUNSEL FAILED TO MEET THE STANDARD SET BY R. 3:22-6(d).

6

We are not persuaded by any of defendant's contentions about appellate counsel; as to the balance of these arguments, we conclude that they are not properly before us as they were not raised before the PCR judge or are not cognizable in a first petition for PCR, or they are without any merit.

We review de novo an appeal from the denial of PCR without an evidentiary hearing. State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). As a reviewing court, we "can conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . [because] [a]ssessing IAC claims involves matters of fact, but the ultimate determination is one of law." State v. Harris, 181 N.J. 391, 419 (2004).

"The standard for an ineffective assistance of counsel claim is . . . the same under both the United States and New Jersey Constitutions." State v. Gideon, __ N.J. __, __ (2021) (slip op. at 14-15). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted in State v. Fritz, 105 N.J. 42 (1987). "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

A-5691-18

To meet the first prong, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Ibid. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The second prong of the Strickland/Fritz test requires the defendant to show that counsel's errors created a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Strickland, 466 U.S. at 694.

The Strickland/Fritz two-pronged standard also applies to claims of ineffective assistance of appellate counsel. State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007). The hallmark of effective appellate advocacy is the ability to "winnow[] out weaker arguments on appeal and focus[] on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). A brief that raises every colorable issue runs the risk of burying good arguments in a "verbal mound made up of strong and weak contentions." Id. at 753. Importantly for purposes of this appeal, it is well-settled that failure to pursue a meritless claim does not constitute ineffective assistance. State v. Webster, 187 N.J. 254, 256 (2006). Appellate counsel has no obligation to raise spurious issues on appeal. Ibid.

With these guiding principles in mind, we turn to defendant's contention about appellate counsel's IAC for his failure to appeal from the denial of trial counsel's motion for a mistrial that was based on two comments made by the prosecutor during summation. One comment allegedly regarded his presumption of innocence and the other his right to remain silent. Defendant argues that had the issue been raised on direct appeal then a further review could have been conducted under the plain error standard, which he maintains he would have met. We disagree.

At trial, following closing arguments, defense counsel moved for a mistrial based on the two allegedly improper statements made by the prosecutor. The trial judge denied the motion and agreed to give curative instructions.

In the first statement, the prosecutor did not expressly mention defendant not testifying but addressed the numerous years over which defendant committed his crimes. In doing so, she stated that defendant "thinks he's smart because he's gotten away with this for [sixteen] years, but he's not that smart because he's sitting right there." The trial judge denied the motion for a mistrial but issued a curative instruction that stated the following:

> You may have heard a reference made during closings, something about the defendant can't be considered smart because he's sitting here, and I'm telling you that's an improper comment and you shouldn't consider that,

9

the defendant has no burden to present anything to you whatsoever. He need not answer the charge in any way. The fact that he's here in court is as a result of the indictment, and I told you about the indictment, it's a charging document requiring him to answer the charges made by the State. So you're not to conclude in any way that he must therefore be guilty because he's here in court, or he somehow did something wrong just because he's been charged. It's for you to determine whether or not he's guilty of the offenses charged based only upon the evidence.

On PCR, Judge Podolnick reviewed the comment, agreed it was improper, and considered the law applicable to prosecutorial misconduct, but found in light of the trial judge's curative instruction that "no prejudice existed to [defendant] once this curative instruction was delivered."

The second challenged comment made by the prosecutor during summation related to an intercepted telephone call between the mother of one of the victims and defendant. The prosecutor stated "sure [the mother] told him off that night, and what did she tell us, and she was the only one who talked about the phone call and she told us [defendant] said whatever [the victim] said I did, I did." The trial judge denied the motion for a mistrial but gave the following curative instruction:

> [Y]ou may have heard a comment made during closing arguments regarding the only evidence or testimony you heard about the consensual [call] from [the victim's mother] and no one else, and perhaps you might then

conclude why didn't we hear from the other person on the consensual [call] which allegedly is the defendant. Again, the defendant has no obligation to say or do anything here today, and that was an improper comment and I'm going to ask you to disregard it in its entirety, and I'm going to give you instructions about how you may not use the defendant's decision not to testify against him in any way, and pay close attention to that instruction when I'm giving it to you in just a few moments in the charge.

The trial judge's final charge to the jury also included the <u>Model Jury Charge</u> as to defendant's election to not testify at trial.[1]

On PCR, Judge Podolnick noted that "it is clear from the transcript that once the objection was made by defense counsel, the trial judge did not believe that the prosecutor was attempting to comment on the defendant's right to silence." Rather, the trial judge believed the statement was a direct response to defense counsel's argument that the victim's mother had misrepresented the nature of the call with defendant. The PCR judge observed that "it [was] quite possible that the prosecutor was merely stating a fact and not intending to comment on the defendant's right to silence." Judge Podolnick concluded that insofar as the prosecutor's remarks on summation had any potential to prejudice defendant, the trial judge's curative instructions eradicated that potential.

---

[1] <u>Model Jury Charges (Criminal)</u>, "Defendant's Election Not to Testify" (rev. May 4, 2009).

Judge Podolnick also concluded that the outcome of the proceedings would not have been different but for appellate counsel's decision to forgo the issues on direct appeal. He concluded that even if appellate counsel raised the issue, we "would have had no basis to overturn [defendant's] conviction on appeal." According to the PCR judge, defendant had "not shown that the outcome of the proceedings would have been different but for appellate counsel's decision not to raise this issue on direct appeal. The [c]ourt thus finds that appellate counsel was not ineffective for failing to raise this issue on direct appeal."

Based on this record, we conclude from our de novo review that defendant failed to make a prima facie showing of ineffectiveness of counsel within the Strickland/Fritz test, substantially for the reasons expressed by Judge Podolnick in his thorough decision. Accordingly, the judge also correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Turning to defendant's argument that appellate counsel did not raise an issue on appeal about his conviction under the indictment's fourth count, we conclude his contention is belied by the record, as that issue was in fact raised and we rejected it in our earlier opinion. See Killion, slip op. at 14, 17-20.

Moreover, as to defendant's arguments relating to jury instructions and newly discovered evidence, we conclude they are not subject to our review as defendant failed to raise them before the PCR judge. See State v. Robinson, 200 N.J. 1, 20 (2009). And, as to his contention about PCR counsel's alleged IAC, such claims are better addressed in a second petition under Rule 3:22-6(d). State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010) (citing State v. Rue, 175 N.J. 1, 4 (2002)).

To the extent we have not otherwise specifically addressed any of defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5691-18