# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1238-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HIRAM A. CELESTINE, a/k/a
CURTIS BEATON, HIREN
CELESTINE, HIRAM
CELSTINE, ANDRE FOSTER,
LEROY JOHNSON, ANDRE
JOHNSON, ANDY JOHNSON,
ANDRE JONES, ANDRE
JOYNER, and DIAMOND SIMS,

    Defendant-Appellant.

_____

Submitted October 25, 2021 – Decided November 8, 2021

Before Judges Fasciale and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-03-1025.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Natalie A. Schmid Drummond, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from a September 11, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends his trial and PCR counsel rendered ineffective assistance. Judge Francisco Dominguez (PCR judge) thoroughly considered defendant's contentions and rendered a comprehensive oral decision, on which we substantially agree. We affirm.

I.

A jury convicted defendant of four counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b); second-degree attempted sexual assault, N.J.S.A. 2C:14-2(a)(6); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(6); third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); third-degree tampering with a witness, N.J.S.A. 2C:28-5(a); and the disorderly persons offense of harassment, N.J.S.A. 2C:33-4(b). The trial judge sentenced defendant to an aggregate of thirty-nine years'

imprisonment, with twenty-five years' parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2(a).

We affirmed defendant's convictions. State v. Celestine, No. A-2803-14 (App. Div. May 8, 2017). The New Jersey Supreme Court denied defendant's petition for certification on October 17, 2017. Defendant then filed a petition for PCR. The PCR judge denied the petition and ruled it was procedurally defective under Rule 3:22-5, as an attempt to relitigate previously adjudicated issues, and improper under Rule 3:22-4, for failure to raise on appeal. The PCR judge also found defendant was not entitled to an evidentiary hearing on his petition. But in a supplemental hearing, the PCR judge addressed the merits of defendant's claims and found that defendant failed to establish by a preponderance of the evidence a prima facie case of ineffectiveness of counsel.

II.

We set forth the facts in our May 8, 2017 unreported opinion. Suffice it to say, defendant had a sexual relationship with minor A.K. They met when defendant, who was working in Camden County in the summer of 2010, was renting a room at the same motel where A.K. resided with her sister, mother, and stepfather. It was disputed at trial exactly how old A.K. was when the sexual relationship started. A.K. testified that she began the sexual relationship

A-1238-19

with defendant when she was fifteen years old.  A.K. testified she and defendant had sex in his motel room when her mother and stepfather were not at the motel. Defendant contended that their physical relationship did not begin until A.K. was sixteen years old.

In September 2010, defendant was asked to leave the motel by management but was able to continue staying there in a friend's room.  A.K. testified their sexual relationship continued in the friend's room.  In November 2010, A.K. and her family moved out of the motel and into a family member's house.  Defendant and A.K. stayed in contact.  When defendant moved out of the area, he testified that he tried to visit A.K. every two weeks from July 2011 to July 2012.  A.K. testified defendant visited her earlier, in December 2010, and they had sex in a park and at the Riviera Inn.

A.K. testified that in the summer of 2012, she ended their relationship and informed him that she wanted to be with someone else.  After their relationship ended, A.K. testified that she met defendant one last time in September 2012. A.K. understood that defendant wanted "to lay down, hold [her] one more time, and talk."  During that meeting, A.K. testified that defendant forcibly raped her. Defendant denied raping A.K. and further denied ever having sexual intercourse

4

with her before she turned sixteen years old. In September 2012, a nearby officer arrested defendant after observing him pulling a crying A.K.

III.

On appeal, defendant raises the following argument for this court's consideration:

[POINT I]

THE PCR [JUDGE] SHOULD HAVE GRANTED DEFENDANT AN EVIDENTIARY HEARING ON HIS PETITION FOR [PCR] BASED UPON HAVING MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL COUNSEL FAILED TO PRESENT CLEARLY EXCULPATORY EVIDENCE AT TRIAL.

In his pro se brief, defendant raises the following points, which we renumbered:

POINT [II]

THE FAILURE[] OF PCR COUNSEL TO PROVE[] EFFECTIVE ASSISTANCE OF COUNSEL ON PCR MANDATES THAT [A] NEW PCR HEARING WITH NEW PCR COUNSEL BE GRANTED.

POINT [III]

THE PCR [JUDGE] ABUSED [HIS] DISCRETION WHEN [HE] BOTH ERRONEOUSLY DETERMINED UNDER [RULE] 3:22-4, THAT ALL OF THE CLAIMS RAISED WERE BARRED FOR FAILURE TO RAISE CLAIM ON DIRECT REVIEW AND FAILED TO RECOGNIZE THAT A PRIMA FACIE CASE WAS ESTABLISHED.

POINT [IV]

THE PCR [JUDGE] ERRED WHEN [HE] ADJUDICATED [DEFENDANT]'S ISSUES WITHOUT FIRST RESOLVING [DEFENDANT]'S CONFLICT WITH HIS PCR COUNSEL IN WHICH HE RAISED INEFFECTIVE ASSISTANCE OF PCR COUNSEL BEFORE THE PCR [JUDGE].

IV.

When a PCR judge does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

A.

Certain procedural safeguards exist to protect against addressing issues in a piecemeal fashion. Under Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding" or "in any appeal taken from such proceedings." "PCR will be precluded 'only if the issue is identical or substantially equivalent' to the issue already adjudicated on the merits." State v. Afanador, 151 N.J. 41, 51 (1997) (emphasis omitted) (quoting State v. McQuaid, 147 N.J. 464, 484 (1997)).

A-1238-19

PCR proceedings are not a substitute for a direct appeal. R. 3:22-3; Afanador, 151 N.J. at 50. "Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not have been raised on direct appeal." Afanador, 151 N.J. at 49 (citing McQuaid, 147 N.J. at 482-83). "PCR cannot be used to circumvent issues that could have, but were not raised on appeal, unless the circumstances fall within one of three exceptions." Id. at 50 (emphasis omitted) (citing R. 3:22-4). Those exceptions are: "(1) the ground not previously asserted could not have been reasonably raised in any prior proceeding"; (2) "enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice"; or (3) "denial of relief would be contrary to a new rule of constitutional law" under the United States or State of New Jersey constitutions. R. 3:22-4(a)(1)-(3). "The first exception is only available to a petitioner if he can show that the facts that form the basis for relief 'could not have been discovered earlier through the exercise of reasonable diligence.'" State v. Nash, 212 N.J. 518, 546 (2013) (quoting R. 3:22-4(a)(1)).

The PCR judge ruled defendant's PCR petition claim, that his trial counsel was ineffective for failing to make a renewed motion to dismiss count seven of

the indictment, was barred under Rule 3:22-5. We agree. The PCR judge found that defendant's remaining claims were procedurally barred under Rule 3:22-4(a). In any event, despite the procedural bar, the PCR judge considered and addressed defendant's PCR claims on the merits.

B.

To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. A defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. Thus, this court must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

A defendant is only entitled to an evidentiary hearing when he "has presented a prima facie [claim] in support of [PCR]," meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). This court must "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 462-63.

Defendant argues that his trial counsel failed to investigate and call three witnesses: (1) a motel manager (the manager) who could have provided testimony that defendant was not at the motel during the dates alleged by A.K.; (2) a former work supervisor (the supervisor) who could have testified that defendant was at work during the time he was alleged to have been with A.K.;

and (3) an investigator (the investigator) who could have testified that she went through motel records with the owner and to the lack of any record of defendant being present at times A.K. alleged he was there. Defendant contended that had the PCR judge held an evidentiary hearing, he could have demonstrated, through the potential witnesses' testimony, the lack of credibility of A.K. and other State witnesses who testified at trial.

The PCR judge correctly determined that defendant failed to satisfy the Strickland/Fritz test. Defendant did not provide certifications or affidavits from the manager and supervisor. Defendant failed to establish how they would have testified or what testimony would have been exculpatory. Defendant failed to satisfy either prong of Strickland/Fritz and, as a result, failed to establish a prima facie claim to warrant an evidentiary hearing.

Defendant provided the investigator's affidavit, in which she certifies to the existence of motel records. The investigator also certified that she is no longer in possession of the records and she does not know their location. At trial, Detective Amy Pisano of the Camden County Prosecutor's Office's testimony directly contradicted the investigator's affidavit, as Detective Pisano testified she was unable to gather any records from the motel. Even assuming arguendo that trial counsel's failure to call the investigator as a witness meets

the first prong of proving deficient performance, defendant has not established there is a reasonable probability that but for counsel's failure to call the investigator, the outcome at trial would have been different under the second prong of Strickland/Fritz. The record supports the PCR judge's findings.

C.

"Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012). Nonetheless, the standard for ineffective assistance of counsel claims related to PCR counsel is that:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
>
> [State v. Webster, 187 N.J. 254, 257 (2006).]

In his pro se brief, defendant argues his PCR counsel was ineffective in presenting clear evidence of trial counsel's deficient performance. Specifically,

defendant argues PCR counsel failed to properly investigate the claims forwarded by defendant and failed to communicate with defendant. Defendant requests that this court consider the errors of his PCR counsel on this appeal.

Defendant did not raise this issue below. During the PCR hearing on July 26, 2019, defendant did not indicate any issues with his PCR counsel. At the beginning of the September 6, 2019 supplemental PCR hearing, defendant's PCR counsel indicated that defendant "wishes to I think as I understand it represent himself for purposes of today." Defendant then stated, "That's not what I stated." Defendant's PCR counsel responded, "Or [defendant] doesn't wish me to continue as counsel for purposes of today." The PCR judge explained that any change in counsel was unnecessary because the PCR judge was only going to read supplemental reasons for denying the petition and would not be hearing any presentation from the parties. On March 12, 2020, defendant filed a second PCR petition in which he argues that his PCR counsel was ineffective.

On this record, defendant provides no evidence showing his PCR counsel failed to investigate claims or properly communicate with defendant. He also does not specify or bring forth evidence as to how his PCR counsel failed to present trial counsel's deficient performance. Nevertheless, we will not address defendant's contention that his PCR counsel rendered ineffective assistance,

which is more appropriately left for the new PCR petition filed on March 12, 2020.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-1238-19