901 A.2d 338

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. CLAYTON M. WEBSTER, DEFENDANT–
APPELLANT.

Argued May 2, 2006—Decided July 12, 2006.

*Alison S. Perrone,* Designated Counsel, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney; *Robert D. Van Pelt,* Designated Counsel, on the letter briefs).

*Simon Louis Rosenbach,* Assistant Prosecutor, argued the cause for respondent (*Bruce J. Kaplan,* Middlesex County Prosecutor, attorney).

*Michael J. Williams,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*Zulima V. Farber,* Attorney General, attorney).

*Nicholas C. Harbist,* submitted a brief on behalf of amicus curiae Association of Criminal Defense Lawyers of New Jersey (*Blank Rome,* attorneys).

PER CURIAM.

Defendant, Clayton Webster, was convicted of first-degree murder, *N.J.S.A.* 2C:11-3(a)(2), and second-degree possession of a weapon for an unlawful purpose, *N.J.S.A.* 2C:39-4(a), and was sentenced to a custodial term of life with thirty years of parole ineligibility. His conviction was subsequently affirmed and we denied certification. 163 *N.J.* 75, 747 *A.2d* 284 (2000).

In June 2002, defendant filed an amended Post–Conviction Relief (PCR) petition,[1] arguing that the shortcomings of his trial counsel deprived him of his Sixth and Fourteenth Amendment rights to due process of law and a fair trial, and that he was denied effective assistance of counsel on direct appeal because appellate counsel failed to argue the following issues:

(1) trial counsel failed to voir dire Hispanic jurors as to their possible bias against defendant;

(2) trial counsel failed to object to the court's erroneous instructions on imperfect self-defense;

(3) trial counsel failed to object to the trial court's erroneous instruction on passion-provocation manslaughter;

(4) trial counsel failed to request adequate instruction on serious bodily injury;

---

[1] Defendant's earlier pro se petition was dismissed without prejudice.

(5) trial counsel erroneously conceded before the jury that defendant was guilty of manslaughter and not murder, thereby relieving the State of its burden of proof;

(6) trial counsel failed to argue that the police did not honor defendant's right to remain silent;

(7) trial counsel failed to challenge the composit[e] array of the Grand Jury;

(8) trial counsel failed to protect defendant's constitutional right to be tried by a jury of his peers;

(9) trial counsel failed to adequately prepare defendant for testimony during trial.

Defendant requested that assigned counsel read all transcripts and discovery, investigate all of his claims, and file a brief in support of them. He further requested an evidentiary hearing.

An assistant deputy public defender submitted a brief in support of defendant's PCR petition. The only argument included in that brief was that trial counsel was ineffective for failing to raise the defense of diminished capacity. A PCR hearing was held at which the diminished capacity issue was the only argument advanced. The trial judge denied the petition and defendant appealed.

In an unpublished *per curiam* opinion, the Appellate Division affirmed, declaring that defendant's arguments were without sufficient merit to warrant discussion. *See R.* 2:11–3(e)(2). We granted defendant's petition for certification, 185 *N.J.* 393, 886 *A.*2d 663 (2005), limited solely to the issue of whether PCR counsel violated *Rule* 3:22–6(d) by failing to advance all of the issues raised by defendant. We granted motions submitted by the Attorney General and the Association of Criminal Defense Lawyers of New Jersey to participate as amicus curiae.

■  Defendant contends that the failure of his PCR counsel to brief and argue all of the claims advanced in his pro se petition warrants reversal. The State counters that the rule set forth in *State v. Rue,* 175 *N.J.* 1, 811 *A.*2d 425 (2002)—that PCR counsel must pursue any argument that the defendant seeks to raise—must be reconsidered. The Attorney General similarly argues that PCR counsel, like trial and appellate counsel, should be allowed to omit those claims that are legally unworthy of pursuit.

In contrast, the Association of Criminal Defense Lawyers of New Jersey contends that we should reaffirm the principles set forth in *Rule* 3:22–6(d) and *Rue.*

*Rule* 3:22–6(d) provides in relevant part that:

Assigned counsel may not seek to withdraw on the ground of lack of merit of the petition. Counsel should advance any grounds insisted upon by defendant notwithstanding that counsel deems them without merit.

In *Rue,* we interpreted *Rule* 3:22–6(d) as follows:

PCR is a defendant's last chance to raise constitutional error that may have affected the reliability of his or her criminal conviction. It is not a *pro forma* ritual. That is why we require provision of counsel. Under our scheme that attorney is responsible to communicate with his client and investigate the claims. Based on that communication and investigation, counsel then must "fashion the most effective arguments possible."

In some cases, the record will give PCR counsel a wealth of grist for his or her mill, in some cases, not. At the very least, where communication and investigation have yielded little or nothing, counsel must advance the claims the client desires to forward in a petition and brief and make the best available arguments in support of them. Thereafter, as in any case in which a brief is filed, counsel may choose to stand on it at the hearing, and is not required to further engage in expository argument. In no event however, is counsel empowered to denigrate or dismiss the client's claims, to negatively evaluate them, or to render aid and support to the state's opposition. That kind of conduct contravenes our PCR rule.

[*Rue, supra,* 175 *N.J.* 1 at 18–19, 811 *A.*2d 425 (citations omitted).]

Reduced to its essence, *Rue* provides that PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them. That procedure, which will serve to preserve defendant's contentions for federal exhaustion purposes, is all that is required. *See* 28 *U.S.C.A.* § 2254(b)(1) (stating, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State").

█ In this case, the brief filed by the Public Defender did not refer to or incorporate the arguments contained in defendant's pro se petition, and only raised the diminished capacity issue in the context of defendant's claim of ineffective assistance of trial counsel. Indeed, the trial judge expressly stated that it was the sole issue before him. Because the judge did not comment in any way on defendant's remaining claims, it is not clear to us that he, in fact, considered them. We therefore reverse and remand the matter to the trial judge for a determination of the issues advanced in defendant's pro se brief.

The judgment of the Appellate Division is reversed. The matter is remanded for the hearing to which we have adverted. We commend this matter to the Criminal Practice Committee to propose a revision of *Rule* 3:22–6(d) to reflect the views we have expressed in this opinion.

*For reversal and remandment*—Chief Justice PORITZ, and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—7.

*Opposed*—None.