**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0334-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTIONETT E. PELZER,

    Defendant-Appellant.

_____

Submitted October 31, 2017 — Decided  November 13, 2017

Before Judges Reisner and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-11-2561.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Lafferty, IV, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Antoinette E. Pelzer appeals from a July 6, 2016 order denying her petition for post-conviction relief (PCR). On her appeal, she presents the following points of argument:

> POINT ONE: THIS MATTER MUST BE REMANDED BECAUSE THE PCR COURT DENIED RELIEF WITHOUT STATING FINDINGS OF FACT OR CONCLUSIONS OF LAW.
>
> POINT TWO: MS. PELZER IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIM THAT [HER] ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> POINT THREE: THE PCR COURT ERRONEOUSLY RULED THAT MS. PELZER'S PETITION WAS PROCEDURALLY BARRED.

We affirm the order insofar as the PCR court rejected defendant's counseled PCR arguments. However, because the PCR court did not address defendant's pro se PCR arguments, we remand the case to the PCR court for the purpose of considering and deciding those issues.

Defendant was charged with stabbing two women to death in an unprovoked attack, which was captured on video and witnessed by several bystanders. Defendant pled guilty to two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2), and was sentenced to an aggregate term of eighty years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed the sentence on an excessive sentencing calendar, noting the brutality of the murders and the sentencing judge's cogent statement of reasons.

State v. Pelzer, No. A-4722-13 (App. Div. Dec. 4, 2014), certif. denied, 221 N.J. 566 (2015).

Defendant filed a pro se PCR petition dated June 15, 2015,[1] contending that her guilty plea was not "knowing and intelligent," because her trial attorney did not explain to her "the terms and ramifications" of the State's plea offer or the "elements of the crimes to which petitioner was to plead guilty." She also contended that her trial attorney failed to effectively argue that aggravating factor one, N.J.S.A. 2C:44-1(a)(1) (the nature and circumstances of the offense), should not apply. Defendant's PCR assigned counsel submitted a formal brief contending that defendant's trial counsel failed to effectively argue - in favor of mitigating factor eight - that the crimes were the result of circumstances unlikely to recur, because a prison term of life with thirty years of parole ineligibility would prevent defendant from committing future murders. See N.J.S.A. 2C:44-1(b)(8).

We agree with the PCR judge that the latter argument, even if raised by trial counsel, would have been without merit and would have made no difference to the sentence imposed. As a result, defendant failed to satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct.

---

[1] Defendant's brief advises that the petition was filed on July 7, 2015.

A-0334-16T1

2052, 2068, 80 L. Ed. 2d 674, 698 (1984), and was not entitled to an evidentiary hearing on that PCR claim. See State v. Preciose, 129 N.J. 451, 463-64 (1992).

However, the judge did not address defendant's pro se arguments, perhaps because PCR counsel did not include a reference to them in his formal brief and did not mention them at oral argument. PCR counsel had an obligation to bring to the court's attention defendant's pro se arguments, and the court had an obligation to consider them. See R. 3:22-6(d); State v. Webster, 187 N.J. 254, 258 (2006); State v. Rue, 175 N.J. 1, 4 (2002). Because this did not occur, we must remand this matter to the PCR court to consider the arguments raised in defendant's pro se PCR filing. We do not retain jurisdiction.

Affirmed in part, remanded in part.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0334-16T1