**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4704-17T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

P.M.,

 Defendant-Appellant.

_____

Submitted January 6, 2020 – Decided February 3, 2020

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 13-01-0136.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Dana R. Anton, Senior Assistant Prosecutor, on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant P.M.[1] appeals from a May 16, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Before us, his counsel presents the following argument:

> THE PCR COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON [P.M.'S] CLAIM THAT TRIAL COUNSEL PROVIDED HIM WITH INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CHALLENGE THE TESTIMONY OF [P.M.'S] ACCUSER THROUGH CROSS-EXAMINATION.

In his pro se appellate brief, defendant forwards the following additional claims:

> POINT I
>
> THE PCR COURT ERRED BY FAILING TO ADDRESS THE TOTALITY OF THE EVIDENCE AND CIRCUMSTANCES REGARDING MULTIPLE WITNESS INCONSIST[E]NT STATEMENTS SUPPORTED ON THE RECORD.
>
> POINT II
>
> THE PCR COURT ERRED BY NOT ADDRESSING DEFENDANT'S ISSUES RAISED IN HIS POST[-]CONVICTION RELIEF APPLICATION VIOLATING HIS CONSTITUTIONAL RIGHT TO DUE PROCESS

---

[1] The sexual assault victim was defendant's stepdaughter. We use initials for her and defendant to protect her privacy. R. 1:38-3(c)(12).

2

WHICH INFRINGED ON HIS RIGHT TO A FAIR HEARING.

POINT III

THE PCR COURT ERRED WHEN NOT MAKING A PROPER ASSESSMENT OF B.M.'S 2011 HEARING TESTIMONY TRANSCRIPT THAT WAS SUBMITTED AS AN ABSENT WITNESS'S CREDIBILITY STATEMENT IN SUPPORT OF APPELLANT'S PRO SE PETITION FILINGS WITHIN HIS ADDENDUM FOR POST[-]CONVICTION RELIEF.

Having reviewed the record in light of the relevant legal principles, we vacate the May 16, 2018 order because as defendant argues in his second point, the PCR court failed to address all of defendant's pro se PCR arguments.

Defendant was convicted by a jury of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1) (count one), and fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b) (count two). The court sentenced defendant to an aggregate term of seven years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2(d), and assessed applicable fines and penalties including a $1000 maximum penalty under N.J.S.A. 2C:14-10(a)(2) for the Sex Crime Victim Treatment Fund ("SCVTF"). We affirmed defendant's conviction but remanded for the court to merge defendant's conviction on count two with count one and amplify its reasons for the imposition of the SCVTF penalty. State v. P.M., No.

3

A-1882-14 (N.J. Super. App. Div. October 3, 2016), certif. denied, 230 N.J. 611 (2017).

The relevant trial evidence is detailed in our unpublished decision affirming defendant's conviction and in the PCR judge's May 16, 2018 written decision. We recount some of those relevant facts to provide context for our opinion.

In December 2011, twenty-one-year-old A.G. fell asleep in her bedroom after becoming intoxicated and ill during a Christmas party hosted by her mother and defendant, her stepfather. She awoke early the next morning to find defendant vaginally penetrating her. A.G.'s daughter and mother were asleep in another bedroom during the sexual assault. A.G. reported the attack immediately afterwards to her boyfriend, who called the police. A.G. was treated at a hospital and a sexual assault examination was performed. Defendant's DNA matched sperm found on samples taken from A.G. at the hospital.

At trial, defendant primarily asserted an intoxication defense testifying that he was so drunk that night that he could not remember having sex with A.G., nor could he recall his interaction with police and his responses he provided to questions the following morning. Although he did not raise the issue in closing,

defendant's counsel also indirectly suggested in questioning witnesses that the sex was consensual, or that defendant at least reasonably believed it was consensual, based on A.G.'s purported lack of physical resistance and the fact that A.G. did not "scream" or "yell" during the sexual assault. In a related argument, defense counsel also suggested A.G. fabricated her allegations of sexual wrongdoing in order to retaliate against him for prior disputes.

Defendant filed a pro se PCR petition dated March 20, 2017, contending that his trial counsel violated the Rules of Professional Conduct and provided ineffective assistance because he failed to: 1) conduct a meaningful investigation; 2) evaluate and impeach the State's proofs, including the DNA evidence; 3) appropriately address A.G.'s intoxication, and "introduce any exculpatory evidence"; 4) competently cross-examine witnesses, including A.G., with her prior inconsistent statements; and 5) review discovery with defendant and advise him properly of the trial court proceedings.

Defendant's assigned PCR counsel submitted a formal brief that primarily argued that counsel's performance in cross-examining A.G. was constitutionally deficient as he failed to address her numerous inconsistent statements, both to the police and at an unsuccessful hearing for a restraining order. PCR counsel's argument was a further amplification of one of the aforementioned arguments

5

raised by defendant in his pro se PCR petition. At the end of his brief PCR counsel also claimed trial counsel was ineffective for failing to: 1) call B.M., A.G.'s mother, to testify; 2) "challenge inadmissible [N.J.R.E.] 404[(b)] evidence of an allegation of prior inappropriate sexual comments and then failing to seek an appropriate limiting instruction"; and 3) object to the court's "confusing" jury instruction on the intoxication defense. PCR counsel also argued that the cumulative effect of these errors warranted that defendant's sentence be vacated and that he be granted a new trial.

PCR counsel's brief also specifically requested that the PCR court "consider each and all of the allegations set forth in [defendant]'s pro se filings" individually, and in context of the issues raised in PCR counsel's brief. At the April 15, 2018 oral argument, PCR counsel argued consistent with the legal argument raised in his brief that defendant's trial counsel was constitutionally ineffective for failing to cross-examine A.M. with her multiple prior inconsistent statements. PCR counsel also renewed his request that the PCR court "consider each and every issue that [was] raised in the briefs, particularly anything that [defendant] also filed . . . with the [PCR] [c]ourt."

In its May 16, 2018 written decision, the PCR court addressed each argument raised by assigned counsel and concluded defendant failed to satisfy

both prongs of the test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984), and was not entitled to an evidentiary hearing on those PCR claims. <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 463-64 (1992). The PCR judge did not, however, address all of defendant's pro se claims, despite PCR counsel's specific reference to them in his brief and at oral argument. The court had an obligation to consider and address those arguments. <u>See</u> <u>State v. Webster</u>, 187 N.J. 254, 258 (2006); <u>State v. Rue</u>, 175 N.J. 1, 4 (2002); <u>R.</u> 3:22-6(d). Because this did not occur, we remand this matter to the PCR court to consider the arguments raised in defendant's pro se PCR filing.

A few additional comments are necessary. We recognize that in the context of addressing assigned PCR counsel's arguments, the court effectively considered and rejected defendant's pro se claim that his counsel was constitutionally ineffective under <u>Strickland</u> for failing to cross-examine A.G. adequately with her prior inconsistent statements. We accordingly considered addressing that constitutional claim in this appeal but decline to do so because: 1) the other issues raised by defendant in his pro se petition intersect with that argument; and 2) resolution of defendant's pro se arguments may impact the other issues resolved in the court's May 16, 2018 decision. We conclude the PCR court should address the issues in a holistic manner in the first instance.

7

By way of example, defendant's pro se argument that his trial counsel did not perform an adequate pretrial investigation and failed to show him discovery or keep him appropriately advised of the trial proceedings may impact the court's determination, made without the benefit of an evidentiary hearing, that defendant's trial counsel's decision not to cross-examine A.G. with her prior inconsistent statements was the product of a strategic choice that did not prejudice defendant.

Accordingly, we vacate the May 16, 2018 order and remand for the court to submit amended findings of fact and conclusions of law that address specifically the claims raised by defendant in his March 20, 2017 pro se petition. We leave the scope of any remanded proceedings to the discretion of the trial judge and nothing in this opinion should be interpreted as an expression of our views on the merits of any of the parties' claims or the court's May 16, 2018 opinion. We simply remand for the court to address defendant's pro se arguments as required by Webster and because we conclude the PCR court will be in the best position to determine if defendant's pro se claims affect its May 16, 2018 decision to deny defendant's petition and that an evidentiary hearing was unnecessary.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4704-17T4