# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the
Internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1531-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSE CARRANZA, a/k/a
JOSE LACHIRA,

     Defendant-Appellant.

_____

Argued October 14, 2021 – Decided November 1, 2021

Before Judges Whipple and Geiger.

On appeal from the State of New Jersey, Law Division,
Essex County, Indictment No. 08-09-2688.

Jose Carranza, appellant, argued the cause pro se.

Frank J. Ducoat, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued the cause
for respondent (Theodore N. Stephens II, Acting Essex
County Prosecutor, attorney; Frank J. Ducoat, of
counsel and on the brief).

PER CURIAM

Defendant Jose Carranza appeals from the June 5, 2019, denial of his second petition for post-conviction relief (PCR). Defendant filed his second PCR petition in May 2019, more than four years since the court denied his first PCR petition in October 2014. Because Rule 3:22-12(a)(2) imposes a one-year limitation on second and subsequent PCR petitions, we affirm.

Defendant raised the following points in this appeal.

> POINT I:
> PCR COUNSEL DID NOT ADVANCE THE GROUNDS NOR SUPPORTING ARGUMENTS GERMANE TO THE SECOND PRO SE PETITION INSISTED BY MR. JOSE [CARRANZA] . . . WITH SEPARATE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS. THUS, THE EVIDENTIARY HEARING HELD ON AUGUST 20, 2014 DID NOT RESULT IN A COMPLETE ADJUDICATION. BECAUSE PCR COUNSEL "INADVERTENTLY DID NOT ATTACH[]" . . . THEM TO HIS PCR BRIEF. AS A RESULT NEITHER THE PCR COURT, TRIAL COUNSEL, NOR RESPONDENT [WERE] ABLE TO REVIEW THE GROUNDS FOR RELIEF NOR SUPPORTING ARGUMENTS, SINCE PCR COUNSEL [VIOLATED] RULE 3:22-6(d) AND THE HOLDING IN RUE AND WEBSTER . . . CAUSING NO FINALITY TO THE EVIDENTIARY HEARING HELD ON AUGUST 20, 2014. THUS, "GOOD CAUSE," RULE 3:22-6(b) EXIST[S] TO RE-ASSIGN AN ATTORNEY FROM THE PUBLIC DEFENDER[']S OFFICE, IN ACCORDANCE WITH THE SMITH AND WEBSTER HOLDINGS TO GRANT REVERSAL OF THE TRIAL COURT'S PCR

A-1531-19

ORDER AND REMAND FOR FURTHER COLLATERAL EVIDENTIARY HEARINGS.[1]

POINT II:
THE SECOND PETITION WAS SECURED FOR THE RECORD SINCE AUGUST 20, 2014, THEREFORE IT WAS NOT [UNTIMELY] NOR ARE THERE ANY PROCEDURAL BANS THAT APPLY.

POINT III:
APPELLANT ADOPTS AND INCORPORATES BY REFERENCE ALL FACTS, LAW, AND EVIDENCE FROM THE ISSUES RAISED BY APPELLANT IN HIS SUPPLEMENTAL [LETTER] BRIEF AND APPENDI[C]ES FILED IN THIS APPEAL.

On September 12, 2008, defendant was indicted for nineteen counts of numerous offenses. On February 14, 2012, a jury found defendant guilty of four counts of first-degree armed robbery, N.J.S.A. 2C:15-1, and three counts of felony murder, N.J.S.A. 2C:11-3(a)(3). Following mergers, the trial court sentenced defendant to an aggregate sentence of 155 years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. On November 16, 2013, we affirmed his convictions and sentence. State v. Carranza, No. A-4139-11T1 (App. Div. Nov. 6, 2013) (slip op. at 1-2).

---

[1] Defendant omitted citations to State v. Rue, 175 N.J. 1 (2002); State v. Webster, 187 N.J. 254 (2006); State v. Smith, No. A-4371-11 (App. Div. June 19, 2014).

On February 6, 2014, defendant filed his first PCR petition, which the court denied on October 22, 2014. We affirmed, State v. Carranza, No. A-2777-14T2 (App. Div. Apr. 17, 2017) (slip op. at 2), and the Supreme Court denied certification, State v. Carranza, 231 N.J. 208 (2017). Defendant filed his second PCR petition on May 29, 2019, which the court denied with its order dated June 5, 2019. This appeal followed.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). Post-conviction relief provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). Appellate court "review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." Nash, 212 N.J. at 540. We review the PCR court's interpretation of the law de novo. Id. at 540-41.

Rule 3:22-2(e) provides that "[a] petition for post-conviction relief is cognizable if based upon . . . [a] claim of ineffective assistance of counsel based on trial counsel's failure to file a direct appeal of the judgment of conviction and sentence upon defendant's timely request." "A petitioner is generally barred

from presenting a claim on PCR that could have been raised at trial or on direct appeal, R. 3:22-4(a), or that has been previously litigated, R. 3:22-5." Nash, 212 N.J. at 546. A petition for PCR is not a substitute for a direct appeal. State v. Mitchell, 126 N.J. 565, 583-84 (1992).

But "petitioners are rarely barred from raising ineffective-assistance-of-counsel claims on post-conviction review. Such claims may fall within Rule [3:22-4(a)(3)], which affords post-conviction review for constitutional claims that could have been raised earlier, because those claims are grounded in the Sixth Amendment and the New Jersey Constitution." Preciose, 129 N.J. at 459-60. Falling within Rule 3:22-4(a)(3) for claims not raised during the conviction proceeding or appeal proceeding will not, however, mean that a petitioner has timely filed pursuant to Rule 3:22-12(a)'s enumerated exceptions to time limitations.

A first petition for PCR must be filed within five years of the date of entry of the judgment of conviction, unless, among other things, the petitioner "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . ." R. 3:22-12(a)(1)(A).

A second or subsequent petition must be filed within one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [R. 3:22-12(a)(2).]

The time limitations shall not be relaxed, except as provided in Rule 3-22:12(a).

In this case, defendant fails to satisfy any condition under Rule 3:22-12(a)(2) that might permit his second PCR petition. First, defendant fails to allege new constitutional rights or factual predicates. Defendant exclusively relies on case law and facts that were known at the time of trial in 2012 and at the time he filed his first PCR petition in February 2014. Second, defendant filed his second PCR petition in May 2019—more than four years after the court

6

denied his first PCR petition in October 2014. This far exceeds the one-year limitation set forth in Rule 3:22-12(a)(2).

Because defendant fails to demonstrate any condition under Rule 3:22-12(a)(2), we affirm the trial court's denial of his second PCR petition. Further, because Rule 3:22-12(a)(2) bars defendant's second PCR petition for untimeliness, we decline to address any of defendant's additional arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1531-19