**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2012-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CRUZ MARTINEZ,

    Defendant-Appellant.

_____

        Submitted December 19, 2023 – Decided January 5, 2024

        Before Judges Mayer and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-08-1528.

        Cruz Martinez, appellant pro se.

        Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Cruz Martinez appeals from an April 19, 2021 order denying his second petition for post-conviction relief (PCR) without an evidentiary

hearing. The PCR judge concluded defendant's second PCR petition was time barred. For the reasons that follow, we vacate the April 19, 2021 order and remand for the PCR judge to determine whether there is good cause for referral of defendant's second PCR to the Office of the Public Defender and to consider the contentions raised in defendant's second PCR petition, applying the two-prong test in Strickland.[1]

The facts leading to defendant's murder conviction are set forth in State v. Martinez, No. A-0395-15 (App. Div. May 15, 2017), certif. denied, 232 N.J. 159 (2018). We need not repeat those facts here.

On June 13, 2018, defendant filed a pro se PCR petition. On November 19, 2018, assigned counsel filed a superseding PCR petition on defendant's behalf, asserting ineffective assistance of trial counsel and requesting an evidentiary hearing. Specifically, defendant claimed his trial counsel failed to call a particular witness to testify at a pre-trial hearing in his defense.

After hearing argument on the PCR petition without conducting an evidentiary hearing, in a February 5, 2019 order, the judge denied defendant's petition. The PCR judge found defendant "failed to state a prima facie claim of

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).

ineffective assistance of counsel" and "failed to allege facts sufficient to warrant an evidentiary hearing."

On November 7, 2019, within one year of the denial of his first PCR petition, and while his appeal from the denial of that petition was pending, defendant filed a second PCR petition. In his second PCR petition, defendant alleged ineffective assistance of PCR counsel. According to defendant, PCR counsel failed to comply with Rule 3:22-6(d) by advancing PCR arguments requested by defendant which were supported by the record.

The Criminal Division received defendant's second PCR petition on November 15, 2019. Upon receipt of the second PCR petition, the Criminal Division sent a letter to defendant, advising "[the second PCR petition] cannot be processed at this time since you have a case open with the Appellate Division."

On June 17, 2020, we affirmed the denial of defendant's first PCR petition. State v. Martinez, No. A-4664-18, (App. Div. June 17, 2020), certif. denied, State v. Martinez, 244 N.J. 294 (2020). The Supreme Court denied defendant's petition for certification related to his first PCR petition on October 8, 2020.

However, defendant did not learn until November 23, 2020 that his petition for certification regarding his first PCR petition had been denied. The

Office of the Public Defender sent defendant a November 23, 2020 letter, stating:

> a copy of the [New Jersey] Supreme Court's order was not sent to you. Please accept [our] apology for this oversight. Unfortunately, the Supreme Court[] has denied your petition for certification. With the Supreme Court's denial of your petition, the services of the Appellate Section have come to an end.

On January 27, 2021, defendant sent a letter to the trial court regarding his second PCR petition. In his letter, defendant stated:

> I am writing you [regarding] my [second PCR], which I originally filed on November 7, 2019. However, it was not "processed at this time" because my [first PCR] was still pending in the Appellate Division. Enclosed is a copy of the Supreme Court order finalizing my [first PCR]. Therefore, I respectfully request that my [second PCR] is "processed" and reopened.

On April 19, 2021, the PCR judge denied defendant's second PCR petition as time barred. In an April 16, 2021 memorandum, the PCR judge checked the box marked "PCR barred" and included a handwritten notation, citing "R. 3:22-4([b]); R. 3:22-12([a]); and R. 3:22-12([a])(2)(C)." The judge provided no additional explanation.

On appeal, defendant raises the following arguments:

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S SECOND PCR PETITION AS TIME BARRED AS IT WAS CLEARLY FILED WITHIN TIME.

POINT II

A NEW PCR HEARING MUST BE ORDERED AS FIRST PCR COUNSEL FAILED TO MEET THE STANDARDS ARTICULATED BY THE SUPREME COURT IN STATE V. WEBSTER AND RULE 3:22-6(d).

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). Additionally, we apply the same de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing Harris, 181 N.J. at 420-21).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal proceeding the right to the assistance of counsel in their defense, which includes "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland, 466 U.S. at 686). The right to effective assistance of counsel applies to PCR counsel. See State v. Webster, 187 N.J. 254, 257 (2006). In Webster, our Supreme Court stated:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point.
>
> [Ibid.]

Rule 3:22-12 prescribes the time limitations for post-conviction relief. As applicable in this case, Rule 3:22-12(a)(2)(C) provides "no second or subsequent petition shall be filed more than one year after . . . the date of the denial of the first . . . application for post-conviction relief" based on ineffective assistance of counsel.

On this record, we agree defendant's second PCR petition was not time barred. Defendant's second PCR petition could not proceed until we decided defendant's appeal from the denial of his first PCR petition.

The November 15, 2019 letter from the Criminal Division to defendant was not a court order denying or dismissing defendant's second PCR. The letter merely stated the second PCR petition could not "be processed at this time." Because the letter from the Criminal Division did not operate as a court order dismissing defendant's second PCR petition, the petition received on November

6

15, 2019 was timely filed within one year of the February 5, 2019 denial of defendant's first PCR petition. See R. 3:22-12(a)(2)(C).

Here, defendant did not receive notice of the denial of his petition for certification related to the first PCR until November 23, 2020. After learning of the disposition of the petition for certification, defendant sent a January 27, 2021 letter requesting the trial court reinstate his second PCR petition filed on November 7, 2019.

At no time between the November 7, 2019 filing of his second PCR petition and the January 27, 2021 letter requesting reinstatement of his second PCR petition did defendant alter or amend the second PCR petition. Because his second PCR petition remained unchanged since November 2019, the second PCR petition was timely and the PCR judge mistakenly dismissed that petition as time barred.

Thus, we remand the matter to the PCR court to address defendant's request for the appointment of counsel related to his second PCR petition as well as the merits of defendant's ineffective assistance of counsel claims related to his PCR attorney. We take no position on the merits of defendant's claims in his second PCR petition or whether an evidentiary hearing is warranted.

A-2012-21

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION