# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3965-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

L.L.,[1]

     Defendant-Appellant.

_____

Argued November 14, 2024 – Decided December 10, 2024

Before Judges Mayer, Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 14-12-1872.

Jonathan J. Mincis argued the cause for appellant.

Deepa S. Jacobs, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; Deepa S. Jacobs, of counsel and on the brief).

---

[1] Consistent with our prior opinion, we use initials pursuant to Rule 1:38-3(c)(9). See also N.J.S.A. 2A:82-46.

PER CURIAM

Defendant L.L. appeals from a July 25, 2023 order denying his "motion" for post-conviction relief (PCR) without an evidentiary hearing. Because defendant's PCR application was wholly unsupported, we affirm.

I.

A jury convicted defendant of sexually assaulting and endangering the welfare of his niece on several occasions over the course of four years. He was sentenced to an aggregate prison term of thirty years.

On direct appeal, defendant was assigned counsel who raised ten points, challenging defendant's convictions and sentence. Relevant here, appellate counsel argued the trial court erroneously denied defendant's pretrial motion to suppress his Mirandized[2] statement to police and incorrectly imposed a consecutive sentence on his endangering conviction. We affirmed in an unpublished opinion, State v. L.L., No. A-3262-17 (App. Div. Jan. 4, 2021) (slip op. at 44), and the Court denied certification, 250 N.J. 502 (2022).

We incorporate by reference the facts detailed in our prior opinion. L.L., slip op. at 5-11. We summarize only those facts that are pertinent to this appeal.

---

[2] See Miranda v. Arizona, 384 U.S. 436 (1966).

A-3965-22

Around 3:30 p.m. on June 18, 2013, the same day the victim disclosed the abuse to law enforcement, police drove to defendant's home to speak with him. Id. at 13. Defendant's wife answered the door, police asked to speak with defendant, and his wife did not mention defendant underwent a medical procedure that day. Ibid. Defendant voluntarily accompanied police to headquarters, where he gave a Mirandized statement. Id. at 13-14.

During the pretrial hearing on the admissibility of defendant's video recorded statement, defendant's wife testified when police arrived at their home, "defendant was asleep, having had a colonoscopy earlier that day." Id. at 16. She claimed police denied her request for defendant to "call them later." Ibid. Defendant testified at the hearing and echoed his wife's account. Ibid. He said when police arrived, he "was feeling 'groggy' and 'tired.'" Ibid.

As we noted in our prior opinion, the trial court "rejected defendant's twofold argument that he was illegally arrested in violation of the Fourth Amendment, and his Miranda rights were violated in contravention of the Fifth Amendment." Id. at 17. Relevant here, we noted the court "cited the video recording of defendant's interview, during which defendant displayed 'no apparent disability or indication that [he] was affected by an earlier medical

3

procedure.' Instead, defendant was 'attentive and keenly alert; [he was not] 'dozing off' or lethargic; nor [wa]s his speech slurred.'" Id. at 18.

After a multi-day trial, defendant was convicted of

> seven counts charged in [a] nine-count Bergen County indictment, as follows: first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(a) (count one); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(3)(a) (counts two and three); third-degree criminal sexual contact, N.J.S.A. 2C:14-3(a) (counts four and five); third-degree endangering the welfare of a child (EWC), N.J.S.A. 2C:24-4(a), as a lesser-included offense of second-degree EWC (count eight); and fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b) (count nine). The jury acquitted defendant of third-degree criminal sexual contact, N.J.S.A. 2C:14-3(a) (count six). The third-degree EWC offense charged in count seven was not submitted to the jury for its consideration. The judge sua sponte dismissed that count at the end of the State's case, finding it duplicative of count eight.
>
> [Id. at 11-12.]

Defendant was sentenced "to an eighteen-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on count one, and a consecutive eight-year prison term on count two." Id. at 12. The court "also sentenced defendant to a consecutive four-year prison term on count eight." Ibid. "The sentences on the remaining counts were ordered to run concurrently

4

with each other and concurrently with the sentences imposed on counts one, two, and eight."  Ibid.

After defendant exhausted his avenues of direct appeal, he retained his present attorney who moved for PCR.  Defendant filed neither a verified petition for PCR pursuant to Rule 3:22-8,[3] nor a sworn statement in support of his motion under Rule 1:6-6.[4]  Notwithstanding these procedural infirmities, the PCR judge addressed defendant's motion on the merits, over the State's objection.

The crux of defendant's contentions before the PCR judge was trial counsel's failure to present evidence that propofol, the drug defendant was administered during his colonoscopy, affected his ability to knowingly and voluntarily waive his Miranda rights.  In support of his motion, defendant filed a June 13, 2022 letter of Marc A. Fiorillo, M.D., stating in full:  "[Defendant] underwent a colonoscopy on June 18[], 2013 during which he received 200mg

---

[3]  Rule 3:22-8 provides, in pertinent part, a PCR "petition shall be verified by defendant and shall set forth with specificity the facts upon which the claim for relief is based, the legal grounds of complaint asserted, and the particular relief sought."

[4]  Because defendant failed to file a PCR petition, which is tantamount to a complaint and therefore ordinarily included in the appendix pursuant to Rule 2:6-1(a)(1), at our request, defendant provided his PCR briefs.  See R. 2:6-1(a)(2).

of [p]ropofol intravenously. Two polyps were removed during the procedure, which was otherwise uneventful. Please see the attached reports in reference to this procedure."[5]

Notably, in his letter, Dr. Fiorillo did not opine about the effects of propofol. Nor did defendant provide a certification from Dr. Fiorillo – or any other anesthesiologist – suggesting the drug would have affected defendant's mental state hours after his procedure.

Accordingly, immediately following oral argument, the PCR judge denied defendant's application without a hearing. In her well-reasoned decision, which spanned more than twenty transcript pages, the judge thoroughly addressed defendant's claims against trial and appellate counsel in view of the familiar Strickland/Fritz standard.[6] Based on the evidence presented, including Dr. Fiorillo's correspondence, the judge was not persuaded by defendant's unsupported claims. The judge elaborated:

---

[5] We glean from the record the referenced reports were not provided to the PCR court. Only Dr. Fiorillo's letter was provided on appeal.

[6] Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) the deficiency prejudiced defendant's right to a fair trial); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

In a suppression hearing that lasted three days, [trial counsel] cross-examined [the lead detective] about every aspect of his interaction with . . . defendant. [Counsel argued] . . . defendant was illegally seized and that his statement must be suppressed. In doing so, . . . defendant's colonoscopy procedure was brought up multiple times by [trial] counsel.

Further, . . . defendant testified during the suppression hearing regarding his colonoscopy and his condition after this non-invasive procedure. He specifically contended he was groggy and tired when woken up after his nap following a colonoscopy he had earlier on the morning of the interview by detectives. That testimony was considered by the trial judge and rejected.

Citing our opinion, the PCR judge noted the trial court viewed defendant's video recorded statement and found defendant's testimony at the hearing was belied by his "demeanor, his physical and mental condition, and his ability to focus on the questions presented to him" during police questioning.[7] The PCR judge was particularly persuaded by the trial court's findings that defendant: displayed "no apparent disability or indication that he was affected by an earlier

---

[7] It is unclear from the record whether the PCR judge reviewed defendant's video recorded statement, which the State provided to the judge and PCR counsel. Defendant provided a copy of the recording on direct appeal and on this appeal. Our review of defendant's statement is consistent with the trial court's observations. See State v. S.S., 229 N.J. 360, 374-81 (2017) (clarifying the deferential and limited scope of appellate review of factual findings based on video evidence); see also State v. Tillery, 238 N.J. 293, 314 (2019); State v. McNeil-Thomas, 238 N.J. 256, 271 (2019).

medical procedure"; was "attentive and keenly alert, he was not dosing off or lethargic, nor was his speech slurred"; and he directly answered all questions posed by the detectives.

Having thoroughly reviewed trial counsel's forty-two-page "suppression brief" and "the voluminous transcripts of the suppression hearing," the PCR judge found trial counsel argued "multiple times, that . . . defendant had undergone a colonoscopy on the day he was questioned and that he was 'recovering from the effects of sedatives.'" Further, during the suppression hearing, trial counsel examined the lead detective, defendant, and defendant's wife "about the medical procedure and the circumstances" surrounding defendant's statement to police. The PCR judge therefore was not persuaded defendant satisfied either Strickland/Fritz prong.

The PCR judge also rejected defendant's claim that appellate counsel failed to argue his "physical and mental condition rendered him incapable of making a constitutional[ly] viable decision to waive his Fifth Amendment rights." Citing appellate counsel's sixty-five-page merits brief, the judge noted appellate counsel argued "multiple issues, including the [trial] court's ruling on the Fourth and Fifth Amendment claims that [trial counsel] raised below." The PCR judge recognized appellate counsel did not specifically raise defendant's

colonoscopy procedure in his argument challenging defendant's <u>Miranda</u> rights waiver. However, the PCR judge found appellate counsel mentioned "defendant's colonoscopy and the circumstances surrounding . . . defendant's statements to police several times in his brief." Citing the trial court's findings, which specifically rejected "defendant's testimony that he was 'groggy and very tired,'" the PCR judge found appellate counsel "had no reason to raise such a frivolous point on appeal." <u>See e.g.</u>, <u>State v. Webster</u>, 187 N.J. 254, 256 (2006) (holding appellate counsel need not raise claims that are "legally unworthy of pursuit").

On this appeal, defendant raises the following points for our consideration:

<u>POINT I</u>

THE [PCR] COURT ERRED IN DETERMINING THAT [DEFENDANT] FAILED TO MAKE A "PRIMA FACI[E]" SHOWING THAT HE WAS ENTITLED TO AN EVIDENTIARY HEARING IN CONNECTION WITH HIS APPLICATION FOR [PCR].

<u>POINT II</u>

APPELLATE COUNSEL'S FAILURE TO RAISE THE ISSUE THAT [DEFENDANT] HAD BEEN UNDER ANESTHESIA AT THE TIME OF HIS INTERROGATION ON APPEAL IN MANY RESPECTS CONTRIBUTED TO THE

9

"INEFFECTIVE ASSISTANCE" THAT WAS RENDERED IN THIS CASE.

POINT III

IN THE ALTERNATIVE, THIS COURT SHOULD CONSIDER REDUCING [DEFENDANT]'S SENTENCE THAT WAS IMPOSED BY THE SENTENCING JUDGE BACK ON FEBRUARY 2, 2018.
[(Not raised below).]

II.

As a threshold matter, we reject the State's contention that defendant's PCR claims were procedurally barred under Rule 3:22-5[8] because, on direct appeal, defendant litigated whether his waiver of counsel was knowing and voluntary. In his PCR application, defendant argued, in part, trial counsel was ineffective for failing to argue during the suppression hearing the effects of propofol on his ability to waive his Fifth Amendment rights.

On direct appeal, we only considered and upheld the propriety of the waiver based on the evidence presented. We did not consider whether trial counsel was effective in his arguments during the suppression hearing. We also

---

[8] Pursuant to Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

A-3965-22

did not, because we could not, consider appellate counsel's effectiveness. Thus, defendant's ineffective assistance of counsel claims were not procedurally barred under Rule 3:22-5. See State v. McQuaid, 147 N.J. 464, 484 (1997) (recognizing "claims that differ from those asserted below will be heard on PCR").

Having considered the merits of defendant's renewed contentions raised in points I and II in view of the applicable law and the record evidence, we conclude he failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. See State v. Preciose, 129 N.J. 451, 462 (1992). Defendant raises no issues on appeal that warrant extended discussion. R. 2:11-3(e)(2). We affirm the order under review substantially for the cogent reasons stated in the PCR judge's decision.

Little need be said regarding defendant's sentencing claims raised in point III. To the extent defendant now claims his trial and appellate counsel were ineffective, his arguments are inappropriate for our review because they were not raised before the PCR judge notwithstanding defendant's opportunity to do so. "For sound jurisprudential reasons, with few exceptions," State v. Witt, 223 N.J. 409, 419 (2015), which are inapplicable here, "appellate courts will decline

to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available," State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Defendant's belated suggestion that the trial court improperly imposed consecutive sentences is procedurally barred by Rule 3:22-5 as we considered and rejected appellate counsel's argument that defendant's endangering conviction (count eight) should merge and run concurrently with his aggravated sexual assault conviction (count one). See L.L., slip op. at 43-44. To the extent defendant now argues the trial court erroneously imposed a consecutive sentence on his sexual assault conviction (count two), his argument is procedurally barred under Rule 3:22-4(a)[9] as it could have been raised on direct appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[9] Relevant here, Rule 3:22-4(a) provides a ground for relief "could not reasonably have been raised in any prior proceeding" only if the defendant establishes the factual basis for the ground "could not have been discovered earlier through the exercise of reasonable diligence."

A-3965-22